This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42302**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**TROY MCCOY,**

　　　Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Asra Elliot, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barkett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**　Defendant appeals from his judgment and sentence, after a bench trial, of one count of aggravated driving while under the influence (bodily injury) (first offense). This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**　Defendant continues to maintain, based on the same theories presented in his docketing statement, that there was insufficient evidence to support his conviction because there was insufficient evidence to establish that Defendant's drinking and

driving overlapped. [MIO 7-8] Specifically, Defendant points to evidence that he drank two alcoholic beverages around 6:00 p.m. or 6:15 p.m., got off work around 12:30 a.m. and drove home, and was found outside the vehicle at approximately 2:45 a.m. at the scene of the crash. [MIO 3] As he did at trial, Defendant notes the proximity of a nearby convenience store, as well as an empty beer can on the ground, and posits that Defendant could have consumed more alcohol after the crash. [MIO 3] It appears that the time of the crash is unknown. Based on this timeline and evidence, Defendant contends that the State failed to prove that at the time he was driving—between 12:30 a.m. and the time of the crash—he was impaired by alcohol, because he admitted to drinking many hours before driving, he was found at the crash site hours after leaving work, and he had time after the crash to drink more alcohol. [MIO 5-7]

{3}    Our notice of proposed disposition proposed to affirm based on Defendant's admission to driving at the time of the accident, circumstantial evidence, and Defendant's breath test results showing intoxication. [CN 2-3] This evidence supports an inference that Defendant's level of intoxication belied his position that he became intoxicated after the crash. Even if the metropolitan court credited Defendant's argument that the evidence showed he may have consumed a can of beer after the crash, a reasonable fact-finder could nevertheless conclude that at the time Defendant admitted to driving, sometime after 12:30 a.m., he was impaired by alcohol. The officer testified that Defendant had impaired motor function and an extremely strong odor of alcohol emitting from his person. [MIO 2] Defendant's breath test results, .22/.20, were significantly above the .08 threshold to demonstrate impairment. [DS 4] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the [fact-finder] is free to reject [the d]efendant's version of the facts."). Defendant does not now direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. [MIO 5-8] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We remain unpersuaded that Defendant's conviction was supported by insufficient evidence.

{4}    For the reasons stated in our notice of proposed disposition and herein, we affirm.

{5}    **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**